UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/1/16
```

-----------------------------------------------------------------x

RIVEREDGE OWNERS' ASSOCIATION, *et al.*,       :       **REPORT AND**
                                                        **RECOMMENDATION**
                    Plaintiffs,                :

                                               :

        -v.-                                   :       16-CV-5665 (GBD) (JLC)

                                               :

TOWN OF CORTLANDT, INC., *et al.*,             :

                                               :

                    Defendants.                :

-----------------------------------------------------------------x

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable George B. Daniels, United States District Judge:**

Defendant Town of Cortlandt ("the Town") originally filed this action in the Town of Cortlandt Justice Court, County of Westchester.  On August 4, 2016, Plaintiffs Riveredge Owners' Association ("the Association") and Jose A. Vicente ("Vicente") (together, "Plaintiffs") removed this action to federal court. The Town now moves to remand the action to state court.  For the reasons stated below, I recommend that the motion to remand be granted.[1]

## I.    BACKGROUND

### A.    The Underlying State Court Case

This case arises out of a state court action in which the Town sought possession of a property within the town and the removal of the Riveredge Owners' Association, Vicente, and others who reside on that property.  Notice of Removal,

-----

[1] The Town (and the other named Defendants) separately have moved to dismiss Plaintiffs' claims.  Defendants' Motion to Dismiss, Dkt. No. 29.  Because the Court recommends a remand, it does not address this motion.

State Court Petition ("Recovery Pet."), Dkt. No. 1, at 41–54.[2] In a petition dated July 5, 2016 and filed in the Town of Cortlandt Justice Court, Westchester County (hereinafter, "Recovery Petition"), the Town alleges that the property was deeded to it by an individual named James Martin. See id. at 45–47. The Town requested from the Justice Court 1) final judgment pursuant to New York State Real Property Actions and Proceedings Law (hereinafter, "RPAPL") § 747 awarding possession of the subject property to the Town; and 2) issuance of a warrant pursuant to RPAPL § 749 to remove respondents from the property. See id. at 49.

### B.    Removal to Federal Court

The Riveredge Owners' Association's chairman, Jose Vicente, proceeding pro se, filed a notice of removal pursuant to 28 U.S.C. §§ 1446(a) and (b) on July 15, 2016, to remove the Recovery Petition from the Town of Cortlandt Justice Court to this Court. Notice of Removal, Dkt. No. 1.[3] In removing the action, Vicente denominated himself and the Riveredge Owners' Association as "plaintiffs" (they were sued as "Respondents/Tenants" in the state court action), recast the Town as a "defendant," and added additional defendants who were not parties to the original action. Compare Notice of Removal, at 1 with Recovery Pet., at 41.[4]

---

[2] All page numbers cited in this Report refer to the page numbers generated by the Court's ECF system, not the pagination of the original document.

[3] The full title of the notice of removal was "Notice and Motion to Remove to US District Court S.D.N.Y., Municipal Recovery Action from Town of Cortlandt, NY 28 U.S.C. 1441(a)(b); 28 U.S.C. 1331 42 U.S.C. 1983; Civil Rights Act 1964 18 U.S.C. 241; 18 U.S.C. 242 and Complaint."

[4] While it is obviously improper for a defendant to remove a case and then recast

2

In the notice of removal, Vicente based this Court's subject matter jurisdiction on: claims made by Vicente under 42 U.S.C. § 1983 for deprivations of his and the Association's rights secured by the Fifth and Fourteenth Amendments to the U.S. Constitution (specifically the Takings Clause of the Fifth Amendment); allegations made by Vicente regarding the Town and other Defendants' conspiracy to deprive him of rights secured by the Civil Rights Act of 1964; and allegations made by Vicente that the Town and other Defendants' conduct was criminal in violation of 18 U.S.C. §§ 241 and 242. Notice of Removal, at 2–3. These allegations stem from Vicente's assertions that the Town "presents a deed of which appears fictitious and of questionable Authenticity [sic]" for the subject property, and is defrauding members of the Association through installation of a new power supply system. Id. at 4–5. Although Vicente states in the notice of removal that "[t]his removal action is commenced pursuant to 28 U.S.C. 1441(a), (b)," id. at 2, thus suggesting there was diversity jurisdiction, he did not articulate the basis for the diversity of the parties. See generally id.

The Town (and all other Defendants) moved to remand the case to the Justice Court on August 19, 2016. Defendants' Motion to Remand, Dkt. No. 15. The Town argued that the Recovery Petition does not raise a substantial and disputed federal issue, and the self-designated Plaintiffs' federal counterclaims cannot form the basis for removal. Memorandum of Law in Support of Defendants' Motion to Remand,

---

himself as a plaintiff, for ease of reference the Court will refer to Vicente and the Association as Plaintiffs in this Report.

Dkt. No. 18. In addition, the Town contended that there was no diversity between the parties originally before the Justice Court, as they are all from Westchester County, and further, that Plaintiffs did not obtain the consent of all respondents in the underlying state court action to remove the case to federal court. Id. at 8–9. Patrick Garvey, the interim secretary of the Association, submitted a response on behalf of Plaintiffs on September 9, 2016, which invoked the same alleged violations of federal statutes and constitutional rights that Vicente had described in his notice of removal. See Plaintiffs' Opposition to Dispositive Motions ("Pls.' Opp'n"), Dkt. No. 28. Without any explanation (or basis in fact), Garvey alleged that there was diversity based on members of the Association who resided "outside of this courts' jurisdiction," and that the Association established consent to removal "by its collective membership." Id. at 15. In the Town's reply papers, it argued, among other things, that Garvey is not permitted to represent the Association or Vicente because he is not an attorney. See Defendants' Reply, Dkt. No. 37, at 1–2.

## C.    Subsequent Proceedings in State Court

There is no dispute that Plaintiffs filed the notice of removal with the Justice Court, although the parties disagree about the precise date it was filed.[5] In any

---

[5] Compare Plaintiffs' Motion for Orders, Dkt. No. 6, at 27 (Affidavit of Service demonstrating service of the notice of removal on the Town of Cortlandt Court Clerk on July 15, 2016); with Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion ("Defs.' Mem."), Dkt. No. 13, at 8 ("It is undisputable [sic] that service of an unfiled Notice of Removal, without a Summons, was made by Patrick Garvey, to the Town Clerk, on July 15, 2016. . . . Plaintiffs acknowledge that the Notice of Removal was not filed with the Court until July 15, 2016 at 2:59 p.m. and Mr. Garvey did not deliver a copy to the Justice Court until providing same in 'open court' on July 18, 2016.").

4

event, despite notice that the matter had been removed to federal court, which should have stayed its proceedings, the state court proceedings continued.  The Justice Court went on to entertain a motion to dismiss, which was ultimately granted on procedural grounds on August 15, 2016.  See Defendants' Letter, dated Aug. 16, 2016, Dkt. No. 9; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion ("Defs.' Mem."), Dkt. No. 13, at 8–9; Pls.' Opp'n, Ex. 2 at 18–20 (Justice Court Order) (finding that the Recovery Petition "improperly seeks a Judgment of Possession against 17 separate households in a single proceeding in violation of RPAPL Section 741(3)").

During the course of the federal action, Vicente and Garvey have requested that the Court stay the proceedings in the Justice Court.  See, e.g., Plaintiffs' Motion for Orders, Dkt. No. 6, at 9; Plaintiffs' Letter ("Pls.' Letter"), Dkt. No. 44.  Though the Court scheduled a conference to address the status of the state court case, among other matters, the Court subsequently adjourned the proceeding sine die when Vicente wrote to the Court immediately prior to the conference requesting an adjournment.  Order, dated Oct. 11, 2016, Dkt. No. 50.  After requesting clarification from the Town about the status of any related state court actions, as the underlying state court case had apparently been dismissed, the Court was informed that the Town had re-filed and noticed 17 separate actions in the Town of Cortlandt Justice Court, but had not yet noticed actions against the Association or Vicente (due to the pendency of this action).  Defendants' Letter, dated Oct. 12, 2016 ("Defs.' Letter"), Dkt. No. 51.

5

## II.   DISCUSSION

### A.   Riveredge Owners Association and Vicente Lack Standing to Proceed Pro Se.

As a threshold matter, neither the Riveredge Owners' Association nor Vicente has standing to proceed pro se in this Court, so the case should be remanded (or dismissed) on this basis alone. As an artificial entity, the Association is required to be represented by an attorney. Under 28 U.S.C. § 1654, individuals are permitted to represent themselves in federal court, but the statute does not permit non-attorneys to represent another person or any artificial entities, including corporations, partnerships, or associations. See, e.g., Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir. 2007); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308–10 (2d Cir. 1991). Although the Supreme Court has acknowledged that there are a "few aberrant cases" where artificial entities were able to proceed pro se, the Court noted that those cases "neither follow federal precedent, nor have themselves been followed." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202, 202 n.5 (1993); cf. Sanchez v. Marder, No. 92-CV-6878 (PKL) (NRB), 1995 WL 702377, at *1–3 (S.D.N.Y. Nov. 28, 1995) (permitting two sole shareholders and owners of corporation to demonstrate their financial necessity to proceed pro se); In re Holliday's Tax Servs., Inc., 417 F. Supp. 182, 185 (E.D.N.Y. 1976) (allowing a corporation wholly owned and controlled by one individual to proceed pro se in bankruptcy proceedings), aff'd sub nom. Holliday's Tax Servs., Inc. v. Hauptman, 614 F.2d 1287 (2d Cir. 1979).

Such cases are distinct from the present action, as the Association has at least 20 members, as evidenced by its own Service List. See Pls.' Opp'n, at 33–35. The Association thus cannot claim to be "closely-held," such that a single member could represent all other members' interests. In Sanchez v. Marder, the court outlined the reasons for barring artificial entities from proceeding without legal representation:

> The rationale for requiring an attorney to appear for a corporation is multifold: (1) nonlawyers burden the system with poorly conducted proceedings; (2) the interests of an association of individuals cannot be adequately represented by any single member; (3) the lay litigant lacks many of the attorney's ethical responsibilities; and (4) since a corporation is an artificial entity, it can only act through agents, and those agents must be acceptable to the court.

1995 WL 702377, at *1 (citations omitted). Therefore, the Association is ineligible to proceed pro se, as it is an artificial entity that needs an attorney to represent the interests of all its members.

Further, though Vicente may theoretically proceed pro se, he may only do so in his individual capacity, not on behalf of the Association as a whole. However, in these proceedings, Vicente has not articulated any harm to himself, but only that the Town's actions have adversely affected the Association. See, e.g., Notice of Removal; Pls.' Opp'n, Vicente Aff., at 38–40; Pls.' Letter. Because Vicente has articulated no basis for why he has standing, and because the Association is ineligible to proceed pro se, this case should be remanded (or dismissed) because

7

neither plaintiff had the authority to remove the case to federal court in the first place.[6]

## B.   This Action Should Be Remanded for Lack of Subject Matter Jurisdiction.

Even if the Association or Vicente had standing, they have not properly removed this action to federal court. In his removal petition (and in his subsequent submissions), Vicente has failed to demonstrate that the Recovery Petition raises a substantial and disputed federal issue, which is his burden and a prerequisite to removal. Further, Vicente has failed to acquire the necessary consent of all respondents to remove the case to federal court and has not established why the Justice Court of the Town of Cortlandt is not the proper court to resolve a property dispute entirely governed by state law. Accordingly, the Recovery Petition should be remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

### 1.   Applicable Law

Under 28 U.S.C. § 1441, defendants may remove any civil action brought in state court over which federal courts have "original jurisdiction." This means that

---

[6] If Vicente and the Association believe they have independent federal claims that would create federal jurisdiction, they can bring their own federal lawsuit and allege those federal claims, provided that the Association is represented by counsel. To do so, they would need to file the case in this District's White Plains Courthouse. White Plains is the proper forum for such an action, given that both sides are based in Westchester. In addition, the action could potentially be related to a case brought by Frank and Lucio LaForgia, also against the Town, that is pending before Judge Karas in White Plains. See Complaint, LaForgia v. Vergano, P.E., No. 15-CV-8589 (KMK) (S.D.N.Y. Nov. 2, 2015) (alleging personal damages by the Town of Cortlandt and other defendants arising out of the Town's condemnation of Plaintiffs' property).

8

"[o]nly state-court actions that originally could have been filed in federal court may be removed [to federal court] by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (footnote omitted). Further, the "party seeking removal bears the burden of showing that federal jurisdiction is proper." <u>Montefiore Med. Ctr. v. Teamsters Local 272</u>, 642 F.3d 321, 327 (2d Cir. 2011).[7]

The "statutory procedures for removal are to be strictly construed," <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002), and "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability." <u>In re Methyl Tertiary Butyl Ether Prods.</u>, 488 F.3d 112, 124 (2d Cir. 2007) (alteration and internal quotation marks omitted). "A district court must remand a case to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" <u>Vera v. Saks & Co.</u>, 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)).

---

[7] Plaintiffs may not remove the Recovery Petition on the basis of diversity jurisdiction, because almost all of the respondents named in the Recovery Petition are citizens of New York. <u>See</u> Recovery Pet., at 41–44 (providing the "Service List"); <u>see also</u> Pls.' Opp'n, at 34 ("Service List" states that Alice Crowe resides in South Carolina). At the very least, Vicente never contested that he resides in New York, and Riveredge Owners' Association is registered as a partnership in the state of New York, <u>see</u> Notice of Removal, at 38, 43, which alone establishes that there is not diversity of citizenship for purposes of federal jurisdiction. <u>See</u> 28 U.S.C. § 1441(b); <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

9

### 2.    There is No Substantial Federal Question in the Recovery Petition.

To invoke federal question jurisdiction, the petitioner's claims in the state

court action must arise "under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331.  Moreover, under the "well-pleaded complaint" rule:

> [W]hether a case is one arising under the Constitution or
> a law or treaty of the United States, in the sense of the
> jurisdictional statute, . . . must be determined from what
> necessarily appears in the plaintiff's statement of his own
> claim in the bill or declaration, unaided by anything
> alleged in anticipation of avoidance or defenses which it is
> thought the defendant may interpose.

Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1,

10 (1983) (quoting Taylor v. Anderson, 234 U.S. 74, 75–76 (1914)); accord Beneficial

Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("[A] case will not be removable if the

complaint does not affirmatively allege a federal claim."). Thus, a case "'arises

under' federal law only when . . . a 'federal question is presented on the face of the

plaintiff's properly pleaded complaint.'"  MB Fin. Bank, N.A. v. 56 Walker, LLC, No.

11-CV-5538 (JGK), 2011 WL 6338808, at *2 (S.D.N.Y. Dec. 19, 2011) (state law

foreclosure claim did not present any federal question) (quoting Rivet v. Regions

Bank of La., 522 U.S. 470, 474–75 (1998)). It follows that an analysis of the

Recovery Petition alone is sufficient to determine if a federal question has been

raised, and if removal is therefore appropriate.

A review of the Town of Cortlandt's Recovery Petition reveals that it makes

no federal claim, as the Town requested relief only under New York state laws

RPAPL § 747 (for possession of the subject property) and RPAPL § 749 (removal of

10

those living on the property).  See generally Recovery Pet., at 41–49.  Nowhere in

Vicente's notice of removal or in the opposition to the Town's motion to remand does

Vicente clearly articulate what federal claim is alleged in the Recovery Petition

itself.[8]  Vicente independently makes federal claims against the Town and other

Defendants, as described above, most notably for violations under the Takings

Clause.  Notice of Removal, at 3.  He appears to be articulating defenses to the

Recovery Petition grounded in federal law.  But raising a defense grounded in

federal law is not sufficient, as:

> A defense is not part of a plaintiff's properly pleaded
> statement of his or her claim.  Thus, "a case may not be
> removed to federal court on the basis of a federal defense,
> . . . even if the defense is anticipated in the plaintiff's
> complaint, and even if both parties admit that the defense
> is the only question truly at issue in the case."

Rivet, 522 U.S. at 475 (citations omitted) (quoting Franchise Tax Bd. of Cal., 463

U.S. at 14).  In short, Plaintiffs' assertions of purported federal claims as defenses to

the Recovery Petition do not establish federal question jurisdiction, since, on its

face, the Recovery Petition asserts no federal claims.

Construing Vicente's arguments in the broadest way possible, it is necessary

to address whether a substantial federal question arises from the Recovery Petition.

"Pursuant to the substantial federal-question doctrine, 'federal jurisdiction over a

state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually

---

[8] For example, in his opposition to the motion to remand, Garvey confuses the bare
requirements for standing (injury, causation, and redressability) with the more
complex requirements of subject matter jurisdiction, and removal in particular.  See
Pls.' Opp'n, at 29.

11

disputed, (3) substantial, and (4) capable of resolution in federal court without

disrupting the federal-state balance approved by Congress.'" Hiciano v. Tower W.,

Inc., No. 15-CV-2117 (JMF), 2015 WL 3606370, at *3 (S.D.N.Y. June 9, 2015)

(remanding to state court a case that made "passing references to federal law," but

the causes of action were all "ultimately" about the state-law causes of action—

eviction and quiet use of plaintiff's home) (quoting Gunn v. Minton, 133 S. Ct. 1059,

1065 (2013)). Thus, even if the Recovery Petition does not explicitly mention a

federal claim, Vicente or the Association could remove the case if a substantial

federal question is "necessarily raised" by the Town's state law claims. Even under

this inquiry, however, Vicente has not demonstrated that there is a substantial

federal claim in the Recovery Petition that is actually disputed.

Vicente's presumptive argument is that the Town's actions implicate the

Takings Clause of the Fifth Amendment, which justifies removal of the case to

federal court. See Notice of Removal, at 3. The court in Pisciotta v. Dobrynina

dispensed with this line of thinking under similar circumstances:

> This theory of federal removal jurisdiction is plainly
> frivolous. First, it is clear that [a]llegations made for the
> first time in a defendant's removal papers cannot support
> the removal of a case on federal question grounds. More
> to the point, Dobrynina's ill-defined "taking" theory is
> either (i) a defense to the relief sought by Pisciotta in the
> underlying action, or (ii) a separate—and, as yet,
> unasserted—claim against one or more governmental
> entities. In either case, the "takings" theory provides no
> colorable basis for removing the . . . [p]roceeding to this
> Court under 28 U.S.C. § 1441.

12

Pisciotta v. Dobrynina, No. 08-CV-5221 (RRM) (MDG), 2009 WL 159605, at *2
(E.D.N.Y. Jan. 22, 2009) (citation omitted) (internal quotation marks omitted).
Although the underlying claims in Pisciotta are distinct from those present here, as
Pisciotta was a tenant making claims for repairs against his landlord, the misuse of
the Takings Clause to remove the case to a federal court is identical. See id. at *1.
A takings claim is levied *against* the government party, and so it would not be
necessarily raised by the Town's Recovery Petition. Rather, a takings claim would
be a potential defense brought by the non-governmental parties, here Vicente and
the Association. As noted, a federal defense is not sufficient grounds for federal
question jurisdiction on removal.

Finally, even if Vicente or the Association could argue that a takings claim or
another federal claim was "necessarily raised" in the Recovery Petition, they have
offered no evidence that it was "actually disputed" or "substantial." See generally
Notice of Removal; Pls.' Opp'n. This is a particularly high bar, as it is well
established that substantial federal-question doctrine "calls for federal jurisdiction
over only a 'special and small category' of cases." In re Standard & Poor's Rating
Agency Litig., 23 F. Supp. 3d 378, 394–95 (S.D.N.Y. 2014) (quoting Empire
Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). Vicente and
the Association have not sustained their burden to demonstrate how the Recovery
Petition is unusual or novel, such that it would call into question an unresolved
area of federal law that must be addressed to decide this matter. Because Vicente
and the Association have not identified either a federal claim made in the Recovery

Petition, or a substantial federal question that arises from the Recovery Petition, this case should be remanded to state court.

### 3. Plaintiffs Lack Consent of All Respondents.

Remand is separately appropriate because there is no evidence that all respondents in the state court action consented to removal of the case to federal court. The procedure for removing cases to federal court is outlined in 28 U.S.C. § 1446, which states that "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2) (allowing for 30 days after service for defendants to consent to removal). Without formal written consent from all respondents, a case must be remanded. See, e.g., Payne v. Overhead Door Corp., 172 F. Supp. 2d 475, 476–77 (S.D.N.Y. 2001) (case remanded where defendant had stated that his co-defendants consented to removal, but had not filed express written consent). Garvey claimed that "[t]he association has established by its collective membership consent by its members, as to the removal," and submitted two individual affidavits from Association members saying that they consented to removal and that there is a consensus in the Association to remove the case. Pls.' Opp'n, at 15, 36–37. Yet one of those affidavits actually concedes that another member refused to consent to removal. Id. at 36. Further, the Association is only one of many respondents named in the Recovery Petition, so its consent does not demonstrate that the several other named respondents agreed to removal. Recovery Pet., at 41. Without more than conclusory statements, Vicente and the

14

Association have not fulfilled the requirement to produce conclusive, timely proof that all respondents in the state court action consented to removal.

### 4. This Court Should Abstain From Proceeding With This Case as the State Court is the Proper Venue.

Even if Vicente and the Association had properly identified a federal question and provided sufficient evidence of consent to removal, this Court should abstain from exercising jurisdiction over this matter because the Town of Cortlandt Justice Court is the proper place to adjudicate the property claims at issue here. The RPAPL specifies the proper venue for parties seeking to recover property, stating that: "A special proceeding to recover real property may be maintained in . . . a justice court . . . ." N.Y. RPAPL § 701(1). "[C]onsiderations of comity and federalism" must be weighed by the federal court, and particularly where the "[c]omplaint does not necessarily raise[] a federal issue . . . the case must be remanded." 384 Bridge St. LLC v. RK & G Assocs. LLC, No. 09-CV-1704 (ILG), 2009 WL 4745663, at *5 (E.D.N.Y. Dec. 7, 2009). The court in 384 Bridge St. LLC based its decision to remand on a history of cases holding that the interpretation of a commercial lease is "fundamentally a matter of state law," and that "[f]ederal courts appropriately abstain in landlord-tenant actions, as they involve complex questions of state law that bear on important state policy issues." Id. (internal alterations and quotation marks omitted). In Wells Fargo Bank, N.A. v. Thomas, the court went further and found an inconsistency between "the requirements of the Federal Rules of Civil Procedure, which ordinarily do not allow proceedings more summary than the full court trial provided at common law," and "the strict

15

requirements of a statutory summary eviction proceeding in New York." No. 15-CV-928 (PAE), 2015 WL 5319725, at *2 (S.D.N.Y. Sept. 11, 2015); see also Glen 6 Assocs., Inc. v. Dedaj, 770 F. Supp. 225, 228 (S.D.N.Y. 1991) (finding no example where summary adjudication of landlord-tenant dispute was successfully removed to federal court).

As described in the Recovery Petition, this case is a classic landlord-tenant dispute. Both forms of relief requested by the Town are pursuant to Article 7 of the RPAPL, which governs the "Summary Proceeding to Recover Possession of Real Property." See Recovery Pet., at 49. The case caption even describes the Town as the "Petitioner/Landlord," and the Riveredge Owners' Association and Vicente as "Respondents/Tenants." See id. at 41. The Court should thus abstain in these circumstances, as federal courts routinely remand landlord-tenant disputes such as this one.

## C.  Status of Related State Court Proceedings

Finally, the Court notes that even though the Justice Court apparently dismissed the action after it had been removed to this Court, that dismissal was void, because once the removal action was commenced in federal court, the state court lacked jurisdiction to proceed. According to 28 U.S.C. § 1446(d), once a case is removed, "the State court shall proceed no further unless and until the case is remanded." The state court may not proceed "irrespective of whether the action is removable," as that is a question for the federal court. U. S. ex rel. Echevarria v. Silberglitt, 441 F.2d 225, 227 (2d Cir. 1971) (quoting 1A J. Moore Federal Practice ¶

16

0.168[3.–8], at 1306 (2d ed. 1965)); see also Linden v. Chase Manhattan Corp., 52 F. Supp. 2d 387, 388–89 (S.D.N.Y. 1999); United States v. Khashoggi, No. 87-CR-598 (JFK), 1990 WL 79859, at *1 (S.D.N.Y. June 8, 1990). There is a brief time between the filing of the notice of removal in federal court and the filing of the notice in the state court when "both courts have concurrent jurisdiction." Linden, 52 F. Supp. 2d at 388 (quoting Tarbell v. Jacobs, 856 F. Supp. 101, 104 (N.D.N.Y. 1994)). "A federal district court has jurisdiction on the day that a notice of removal is filed with the Clerk of that court. . . . A State court, on the other hand, loses jurisdiction on the date the notice of removal is filed in State court." Ornstein v. Lyndon Baines Johnson Health Complex, Inc., No. 04-CV-4627 (NGG), 2006 WL 845412, at *3 (E.D.N.Y. Mar. 29, 2006) (citations omitted).

Any state court action taken after the case is removed is thus rendered void. See Silberglitt, 441 F.2d at 227–28 (plaintiff could not amend her state-court complaint after case had been removed); Kane v. St. Raymond's Roman Catholic Church, No. 14-CV-7028 (AJN), 2015 WL 4270757, at *3 (S.D.N.Y. July 13, 2015) (citing N.Y. State Nat'l Org. for Women v. Terry, 697 F. Supp. 1324, 1330 n.5 (S.D.N.Y. 1988)). Even a decision by the state court to dismiss the petition is considered void. See Ward v. Resolution Trust Corp., 972 F.2d 196, 198 (8th Cir. 1992); see also In re Mahmoud, No. 96-CV-4165 (RJD), 1997 WL 43524, at *1–2 (E.D.N.Y. Jan. 24, 1997) (voiding state judge's order "pursuant to Fed. R. Civ. Pro. 60(b)(4), because it was entered subsequent to the filing of notice of removal").

Here, the state court dismissed the Recovery Petition on August 15, 2016, almost a month after Vicente had given notice of removal to the Town of Cortlandt Justice Court. Defs.' Mem., at 8; see Silberglitt, 441 F.2d at 227 (filing notice of removal with state court judge "constituted a sufficient compliance with the statutory requirement" for notice). At the time it entered its dismissal order, the state court thus lacked jurisdiction, as the case had been removed to federal court. In any event, after the Recovery Petition was dismissed, the Town brought 17 new petitions in the Town of Cortlandt Justice Court. Defs.' Letter.[9] Accordingly, this Court should remand to the Justice Court, which will then have to determine whether the remand is to the original action, or effectively to the newly pending actions.

## III.  CONCLUSION

For all the foregoing reasons, I recommend that the motion to remand be granted.

### PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels and the undersigned, United

---

[9] However, the Town has not included Plaintiffs Riveredge Owners' Association or Vicente in any of those actions. Defs.' Letter.

18

States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated:  November 1, 2016
        New York, New York

JAMES L. COTT
United States Magistrate Judge

**A copy of this Report has been mailed and emailed to the following:**

Riveredge Owners' Association
19 River Avenue
Verplanck, NY 10596

Jose A. Vicente
19 River Avenue
Verplanck, NY 10596
Eljavelin1970@gmail.com