**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RIVEREDGE OWNERS' ASSOCIATION and    :
JOSE VICENTE,
                   Plaintiffs,    :

                                    :

          -against-    :

TOWN OF CORTLANDT, INC., ET AL.,    :

                Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



**MEMORANDUM DECISION**
**AND ORDER**

16 Civ. 5665 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

Defendant[1] Town of Cortlandt ("the Town") initially filed this action against Riveredge

Owners' Association ("ROA") and Jose Vicente, among others, in the Town of Cortlandt Justice

Court, County of Westchester. On August 4, 2016, the ROA and Jose Vincente, *pro se*, (together,

"Plaintiffs") removed this action to federal court. The Town moves to remand this action to state

court. (ECF No. 15; Town's Mem. in Supp. of Mot. to Remand, ECF No. 18.)

This matter was referred to Magistrate Judge James L. Cott on July 21, 2016 pursuant to

28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b).[2]  (ECF No. 3.)  Before this

Court is Magistrate Judge Cott's Report and Recommendation, ("Report," ECF No. 55),

recommending that this Court remand the action back to the Justice Court for lack of standing and

---

[1] For consistency, this Order follows the naming conventions of the Report: "While it is obviously improper for a [state court] defendant to remove a case and then recast himself as a plaintiff, for ease of reference the Court will refer to Vicente and the [ROA] as Plaintiffs . . . ." (Report, at 2 n.4.)

[2] Plaintiffs object to the Report wholesale because "the Plaintiff was not noticed, nor did he consent to a magistrate judge's hearing and determination of this civil matter pursuant to 28 U.S.C. [sic] 636(c)." (Pls.' Objections to Report ("Pls.' Objs"), ECF No. 58, at 6.)  As an initial matter, this objection is meritless because a district court has clear statutory authority to refer dispositive pretrial matters to a magistrate judge for a Report and Recommendation without the parties' consent—such findings in a Report and Recommendation do not constitute a final determination of a civil action. *See* 28 U.S.C. § 636(b)(1)(C).

failure to allege federal question jurisdiction.[3]  (*Id.* at 18.)   In his Report, Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.  (*Id.* at 19); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This Court overrules Plaintiffs' objections and adopts Magistrate Judge Cott's recommendation. The Town's motion to remand to state court is GRANTED.

## I. LEGAL STANDARD

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the Report.  28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  *See* Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C).  The Court need not conduct a *de novo* hearing on the matter, as it is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made.  *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)); *see United States v. Raddatz*, 447 U.S. 667, 675–76 (1980).

---

[3] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

Plaintiffs filed timely objections to the Report. (*See* Pls.' Obj.)  Defendants filed a timely response to Plaintiffs' objections.  (Defs.' Resp. to Pls.' Obj. ("Defs.' Resp."), ECF No. 56.)

The pleadings of parties appearing *pro se* are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest."  *See Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)).

## II. PLAINTIFFS LACK STANDING

Plaintiffs object to the Report's finding that neither the ROA nor Vicente have standing to proceed *pro se* because artificial entities may not proceed *pro se*, (Report, at 6), and because Plaintiff Vicente has not articulated any harm to himself, (*id.*, at 7.).  (*See* Pls.' Obj., at 7.)  Without citing any legal authority and relying only upon his own assertions, Plaintiff Vicente claims for the first time that he "operates the [ROA] as a Sole Proprietor, and, therefore the alleged entity is not a corporation requiring representation." (*Id.* at 6.)

Plaintiffs' objections asserting that they have standing have no legal basis.  First, as the Report properly found, Plaintiff Vicente has not articulated any harm to himself, but only that Defendants' actions have harmed the ROA.  (Report, at 7.)  Plaintiff Vicente may not sidestep the injury-in-fact requirement of Article III standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Second, as the Report properly held, an artificial entity, such as the ROA, must be represented by an attorney.  (Report, at 6 (citing 28 U.S.C. § 1654 and, *inter alia*, *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007).  It is axiomatic that the only forms of appearance on behalf of a party to a lawsuit are "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).  "The statute does not permit unlicensed laymen

3

to represent anyone else other than themselves," and this prohibition extends to "all artificial entities," such as the ROA and even if the ROA is not a corporation. *Lattanzio*, 481 F.3d, at 139 (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun.*, 506 U.S. 194, 202 (1993)). Furthermore, this Court need not consider Plaintiff Vicente's new assertion that he operates the ROA as a "sole proprietor," which he has first raised in objection to the Report and is not supported by any allegations of fact. *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) (upholding exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review of a report and recommendation). This new assertion is contradicted by Plaintiffs' own submissions on the record that the ROA consists of at least twenty members. (*See* Report, at 7 (citing Pls.' Opp'n to Mot. to Remand, ECF No. 28, at 33-35).)

Accordingly, the Report properly found that both the ROA and Plaintiff Vicente lack standing, and therefore, the authority to remove this case to federal court.[4] (*Id.* at 7-8.)

## III. PLAINTIFFS FAIL TO ALLEGE A FEDERAL CAUSE OF ACTION ON THE FACE OF THE RECOVERY PETITION

Plaintiffs also object to the Report's finding that this Court does not have subject-matter jurisdiction over this action, (*id.*, at 8-18). (*See* Pls.' Obj., at 6.) Plaintiffs appear to argue, without further specification, that the Town has violated civil rights and acted unethically "in the attempted taking of the subject property." (*Id.*) However, Plaintiff Vicente also concedes that "Real Property Possession is typically a State Court issue [sic]." (*Id.*)

Despite construing Plaintiff Vicente's arguments liberally, the Report properly found that the Town's state court recovery petition fails to affirmatively present a federal question. (Report,

---

[4] Plaintiffs also appear to object wholesale to the Report because it "appears to bias[ed] and prejudicial to Plaintiff" in favor of Defendants' Motion to Dismiss, (ECF No. 29). (Pls.' Obj., at 6-7.) There is no factual basis for this objection, as the Report clearly stated that it does not address Defendants' Motion to Dismiss because the Report recommends a remand. (Report, at 1 n.1.)

at 10 (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 46 U.S. 1, 10 (1983) (internal citations and quotation marks omitted) and *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (holding that removal requires the complaint to affirmatively allege a federal claim).)   Defendant Town of Cortlandt's underlying state recovery petition only brings claims under the New York State Real Property Actions and Proceedings Laws ("RPAPL") for possession of the subject property and removal of those living on the property. (*Id.*, at 10-11 (citing Recovery Petition, ECF No. 1, at 45-49).)   While Vicente attempts to implicate the Takings Clause of the Fifth Amendment of the United States Constitution as a defense to the state court recovery petition, such a federal claim does not appear on the face of the recovery petition nor is it raised by the Town's state law claims. (*Id.*, at 11-13.)

Therefore, the Report properly concludes that Plaintiffs fail to establish federal question jurisdiction appears on the face of or is necessarily raised by the Town's recovery petition.   (*Id.*) Accordingly, this Court does not have subject-matter jurisdiction over this action. Defendants' motion to remand is granted.[5]   (*Id.* at 15).

## VI. CONCLUSION

Having reviewed Magistrate Judge Cott's Report and Recommendation, this Court overrules Plaintiffs' objections and adopts the Report in full. Defendants' motion is GRANTED, and this case is remanded to state court.[6]

---

[5] The Report also properly found as an independent reason for remand that removal was improper because not all respondents in the state court action consented to removal of the case to federal court. (Report, at 14.) Plaintiffs do not explicitly object to this finding.

[6] On October 12, 2016, the Town of Cortlandt informed Magistrate Judge Cott that it had re-filed and noticed seventeen actions against individual members of the ROA in the Town of Cortlandt Justice Court, but not the ROA or Vicente due to the pendency of this action. (ECF No. 51).

After Magistrate Judge Cott issued the Report on November 1, 2016, five individual Respondents improperly removed the individual recovery petitions against them to this Court, but only reference the

The Clerk of the Court is directed to close this case.

Dated: New York, New York
       December 21, 2016

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

recovery petition underlying this action. *See Sebok v. Town of Cortlandt, Inc., et al.,* 16-CV-8488; *Moynihan v. Town of Cortlandt, Inc., et al.,* 16-CV-8489; *Lane v. Town of Cortlandt, Inc., et al.,* 16-CV-8491; *Bonavita v. Town of Cortlandt, Inc., et al.,* 16-CV-8492; *Zhingri v. Town of Cortlandt, Inc., et al.,* 16-CV-8493.

On December 16, 2016, two more individuals improperly removed their individual actions to this Court. *See Town of Cortlandt v. Garvey,* 16-CV-9674; *Town of Cortlandt v. Calley,* 16-CV-9675. These cases reference the individual recovery petitions filed in the Justice Court of the Town of Cortlandt.

This Court accepted these cases as related solely for the purpose of remand. Upon this Court's review, the underlying individual recovery petitions for each of these additional seven actions involve New York State Real Property Actions and Proceedings Laws ("RPAPL") for possession of the subject property and removal of those living on the property. These cases do not allege or raise a federal question. The later-removed individual cases are also therefore remanded to the Justice Court of the Town of Cortlandt.